## Jonathan M. Read *versus* The Inhabitants of Chelmsford.

In an action on the case, under *St.* 1786, *c.* 81, against the town of Chelmsford to recover double damages for injuries occasioned by a defect in a highway, the declaration averred, that the plaintiff, on August 27, 1831, " at Chelmsford, was travelling on a highway in Chelmsford, which highway the town *are*, by law, bound to keep in repair, on a part of the highway leading from the dwellinghouse of J. S. to the stone guidepost near the Middlesex Turnpike in Chelmsford ;" that the highway within such limits was defective and in want of repair ; that the plaintiff, " *being so travelling as aforesaid at the time and place aforesaid*," sustained the injuries complained of, in consequence of such defect and want of repair. After a verdict for the plaintiff, it was *held*, that the declaration was sufficient, although it did not state that the town was bound by law to maintain and repair the highway where the accident happened, *at the time of such injuries*, and although there was no direct averment, that the defective part of the road, where the accident happened, was within the town of Chelmsford, and although there was no allegation, that the defect and want of necessary repair were against the form of the statute.

This was an action on the case upon *St.* 1786, *c.* 81, § 7.

The declaration alleges, that the plaintiff, on August 27, 1831, at Chelmsford, was travelling upon a public highway in Chelmsford, which highway the defendants *are*, by law, bound to keep in repair and in a state safe and convenient for travelling, on a part of the highway leading from the dwellinghouse of Jemima Spalding to the stone guidepost near the Middlesex Turnpike in Chelmsford ; that the highway within such limits was then greatly defective and in want of necessary repair and amendment ; that the plaintiff, being so travelling as aforesaid, at the time and place aforesaid, in a chaise, fell from an elevation of the usually travelled path, in consequence of the defect and want of repair aforesaid, by means whereof his chaise was destroyed, and the plaintiff himself was thrown upon the ground below, and was greatly injured in body, by reason of which he incurred great expenses for medical aid, and sustained a loss, in his property, of the sum of $5000 ; that the defendants, before that time, had had reasonable notice of the defect in the highway ; whereby and by force of the statute in such case provided, the defendants became liable to pay the plaintiff double the amount of the damages sustained by him.

At the trial of this action the jury returned a verdict for the plaintiff, and assessed damages in the sum of $250.

Read
v
Chelmsford

The defendants moved that the judgment be arrested, because there was no allegation in the declaration, that the defect and want of necessary repair of the highway were against the form of the statute in such case made and provided.

J Mason and Lawrence, for the defendants. The declaration is defective in not averring, that the town was bound by law to maintain and repair the highway where the accident happened, at the time of the injuries complained of.

*Oct. 14th.*

It is also insufficient, in not averring that the defective part of the road, where the accident happened, was within the town of Chelmsford.

It should also have averred, that the defect and want of repair were contra formam statuti. Andrew v. Lewkner, Yelv. (Metcalf's edit.) 116, note; S. C. Cro. Jac. 187; Heald v. Weston, 2 Greenl. 348; Cross v. United States, 1 Gallison, 26; Sears v. United States, ibid. 257; Smith v. United States, ibid. 261; Kenrick v. United States, ibid. 268; Lee v. Clark, 2 East, 333; Bones v. Booth, 2 W. Bl. 1226; Nichols v. Squire, 5 Pick. 168; Peabody v. Hayt, 10 Mass. R. 39; Pinkney v. Inh. de Rotel, 2 Saund. 374; Doctr. Plac. 332; Com. Dig. Pleader, 2 S, 10; 1 Chitty on Pl. 358; Thistlewood v. Cracroft, 1 Maule & Selw. 500; Coundell v. John, 2 Salk. 505; Kendall v. John, Holt, 635; Esp. on Penal Actions, 108; Merrick v. Hundred of Ossulstone, Andr. 115; 2 Chitty on Pl. (1st ed.) 184, note (x); Commonwealth v. Stockbridge, 11 Mass. R. 279; Haskell v. Moody, 9 Pick. 162; The People v. Bartow, 6 Cowen, 290; 2 Hawk. c. 25, § 116; Commonwealth v. Springfield, 7 Mass. R. 9; Clanricarde v. Stokes, 7 East, 516; The King v. Winter, 13 East, 258; Anon. 1 Lord Raym. 342; Regina v Harman, 2 Lord Raym. 1104; Woodgate v Knatchbull, 2 T. R. 154.

Hoar and Joel Adams, for the plaintiff, cited to the last point, 14 Petersd. Abr. 712, 717, Statute, note; Huntingtower v. Gardiner, 1 Barn. & Cressw. 299; Woodgate v. Knatchbull, 2 T. R. 148.

WILDE J. delivered the opinion of the Court. The coun-

*Oct 18th*

sel for the defendants rely on several objections to the suffi-
ciency of the declaration, none of which, in the opinion of
the Court, can be sustained.

It is, in the first place, objected that the declaration is
defective, in not stating that the town was bound by law to
maintain and repair the highway, where the accident happened,
at the time of the injury complained of. It is, however,
averred generally, that the town is "by law bound to keep the
highway in repair, and in a state safe and convenient for travel-
ling," which is sufficient. Indeed no averment is necessary
as to the obligation of the town to keep their highways in
repair. That obligation is imposed by a general statute, of
which the Court is bound to take notice.

The next objection is, that there is no averment that the
defective part of the road, where the accident happened, was
within the town of Chelmsford. And it is true, that there is
no direct averment to that effect; but it is averred, that the
plaintiff was travelling on the road at Chelmsford, when the
accident happened, and that the injury was caused by a defect
in the road. This is equivalent to an averment, that the road
was defective at the place where the plaintiff was travelling at
the time of the injury. But if there be any want of certainty
in these averments, the defect is cured by the verdict. The
rule is, as laid down by Lord *Mansfield*, that where the plain-
tiff has stated his title or ground of action defectively or in-
accurately, it is a fair presumption, after verdict, that it was
proved at the trial; but where the plaintiff totally omits to
state his title or cause of action, it need not be proved at the
trial, and therefore there is no room for presumption. The
rule is familiar; the only difficulty is in the application of it.
But there is no difficulty in the present case, as the most that
can be made of this objection is, that the averments in the
declaration are not sufficiently direct and certain. In very
many cases much more obvious defects have been held to be
cured by the verdict.

In *Dalby* v. *Hirst*, 3 Moore, 536, which was assumpsit by
an off-going tenant against the landlord, to recover compensa-
tion for tilling and sowing with wheat arable land according to
custom, the declaration, after setting out the custom, avers, that

the plaintiff tilled and sowed certain lands, but does not aver, that they were arable. The defect was held to be cured by the verdict.

In *Hall* v. *Marshall*, Cro. Car. 497, the plaintiff declared on a sale of furze to him by the defendant, he agreeing not to disturb the plaintiff in taking it away before a certain day. The declaration alleges a disturbance, without averring that it was before the day stipulated, and it was held good after verdict.

The case of *Frederick* v. *Lookup*, 4 Burr. 2018, was debt for a penalty for money lost at gaming, one half for the use of the poor of the parish of St. Paul, Covent Garden. The averment was, that the money was lost at Westminster ; without averring that it was in said parish. Although this was a penal action, and the place where the money was lost was material, yet after verdict the declaration was held good.

So it has been held, that, in an action for a malicious prosecution, the declaration was good after verdict, although it was not alleged, that the prosecution was at an end. *Parker* v. *Langly*, 10 Mod. 209.

Many other cases might be referred to, to show that the rule has been extensively and liberally applied in support of declarations after verdict, which would be clearly bad on demurrer or default. But in the present case, it is quite unnecessary to consider this objection to the declaration more fully.

The principal objection on which the defendants' counsel rely, remains to be decided. It is, that the declaration does not conclude *contra formam statuti*. This objection has been recently considered, in *Read* v. *Northfield*, 13 Pick. 94, in which it was decided, that in remedial actions founded on statutes, it is sufficient to make such averments as may be necessary to bring the case within the statute, without concluding *contra formam statuti*.

In penal actions, which bear a close analogy to indictments, great strictness is required ; and if this were a penal action, the current of the authorities would support the objection. But this great strictness is confined to indictments, informations, and actions on penal statutes, and is not to be extended

Read    to actions on remedial statutes.    That this action is founded
*v.*     on a clause of the statute, which is merely remedial, is very
Chelmsford. clear.    For as *Ashhurst* J., says, in the case of *Woodgate* v
*Knatchbull*, 2 T. R. 154, it has been held in many instances,
that where a statute gives accumulative damages to the party
grieved, it is not a penal action.    So it has been held, that an
action given by statute to the party grieved is not within the
statute limiting the time for the bringing of actions on penal
statutes.    On this distinction this case may be decided for the
plaintiff, without questioning the numerous authorities which
have been cited in support of the last objection, which is
altogether technical, and which, even in a penal action, would
have nothing to sustain it but authority.

*Motion in arrest overruled.*